UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVA SUCKAN,<br><br>        Plaintiff,<br>v.<br><br>METRO-NORTH RAILROAD COMPANY,<br><br>        Defendant. | 3:11 - CV - 1070 (CSH) |

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

**I.     BACKGROUND**

Plaintiff Marva Suckan ("plaintiff") brings the present action against Metro-North Railroad Company ("defendant' or "Metro-North") pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, for injuries she sustained while employed as a car inspector by Metro-North.[1] She alleges that on February 1, 2011, while performing the duties of her employment in the New Haven train yard ("New Haven Yard"), she "slipped on snow and ice," which resulted in her sustaining

---

[1] 45 U.S.C.A. § 51, captioned "Liability of common carriers by railroad . . . for injuries to employees from negligence," provides in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

1

"injuries to her back, head and neck." Doc. #1, ¶¶ 9, 11. Plaintiff asserts that Metro-North "owned and/or operated and/or controlled and/or maintained" the New Haven Yard and negligently failed to: (1) clear the snow and ice; (2) properly salt and sand; (3) provide a reasonably safe walkway; and (4) use reasonable care to provide plaintiff with a safe place to work. *Id.*, ¶¶ 8, 10 (a)-(d).

## II. PENDING MOTION

Pending before the Court is defendant's Motion for Leave to File Third-Party Complaint in which Metro-North seeks to implead Landmark Services, LLC ("Landmark") on the basis of an express indemnity contract. Doc. #13. In support of its motion, defendant has represented that on or about January 13, 2009, it entered into a contract with Landmark for snow removal and ice abatement for certain areas of the New Haven Yard, including the area in which plaintiff allegedly fell. *Id.*, p. 1-2. Moreover, defendant states that said contract with Landmark included an "indemnification clause" under which Landmark agreed to indemnify and hold Metro-North harmless "from loss and liability upon any and all claims and expenses . . . on account of loss and liability for bodily injuries . . . irrespective of [both] the actual cause of the injury or damage . . . [and] whether it shall have been due in part to negligence of [Landmark], its Subcontractors, the Indemnified Parties or any other person or entity." *Id.*, p. 2 (quoting "Contractor's Liability for Injury and Damage," Article 5.01, p. 51). According to Metro-North, said indemnification clause explicitly included "judgments under the Federal Employer's Liability Act" and a covenant "to make all such payments and pay all such judgments, whether or not the injuries involved shall have been sustained as a result of negligence of an injured employee." *Id.* (quoting Article 5.01(C)).

## III. DISCUSSION

The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 477 (D.C. Cir.1976), *cert. denied*, 434 U.S. 1086 (1978). Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[2]

In general, "[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." 6 Charles Alan Wright & Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1446, at 377 (3d ed.); *see Siemens Westinghouse Power Corp. v. Dick Corp*, 299 F. Supp. 2d 242, 248 (S.D. N.Y. 2004) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. In other words, the outcome of the third-party claim must be contingent on the outcome of the main claim[.]") (internal quotations and citations omitted). Thus, "[t]he secondary or derivative liability notion is central," such that impleader is often successfully used "when the basis of the third-party claim is indemnity." Federal Practice and Procedure § 1446, *supra; see, e.g.*, *U. S. v. Farr & Co.*, 342 F.2d 383, 386-87 (2d Cir. 1965).

In the case at bar, defendant has represented that contractually Landmark was exclusively responsible for snow removal and ice abatement in the area of the New Haven Yard in which

---

[2]*See also Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir.2000).

3

plaintiff allegedly fell. Doc. #13, p.2-3. Moreover, Metro-North asserts that, pursuant to the express indemnification clause in Landmark's contract with Metro-North, it is likely that Landmark may "be liable for the plaintiff's claims directed against Metro-North." *Id.,* p. 3. Accordingly, defendant "seeks to bring a third-party action against Landmark for contractual and common law indemnification." *Id.*, p. 3. Because defendant clearly seeks to implead Landmark on the basis of an indemnification agreement, I find defendant's request to file a third-party complaint against Landmark proper under Rule 14(a)(1).

Furthermore, at the preliminary stage of these proceedings (with discovery not scheduled to expire till June 1, 2012), the Court notes that neither plaintiff nor Landmark will suffer undue delay or prejudice by the addition of Landmark as a third-party defendant at this time.

## IV. CONCLUSION

For all of the foregoing reasons, the Court hereby grants Metro-North's Motion for Leave to File Third-Party Complaint (Doc. #13) against Landmark. Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, Metro-North may serve a summons and its third-party complaint upon Landmark forthwith and efile said third-party complaint on or before October 27, 2011.

It is SO ORDERED.

Dated: New Haven, Connecticut
      October 12, 2011

                                           */s/Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge